1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  KEITH DOUGHERTY,                    CASE NO. C12-168 JLR

11              Plaintiff,              ORDER ON REQUEST TO
                                        TRANSFER CASE TO FEDERAL
12      v.                              MAGISTRATE JUDGE

13  BELLEVUE SCHOOL DISTRICT,

14              Defendant.

15

16      On April 20, 2012, Plaintiff filed a "Request to Transfer Case to Federal Magistrate

17  Judge." Dkt. No. 26.  His document states that "[d]ue to the extreme prejudice I have faced in

18  getting equal access to justice and fair treatment under the law, I am requesting for a Federal

19  Magistrate Judge hear my case." Id., p. 1.

20      Pursuant to Local General Rule 8(c), Judge Robart reviewed plaintiff's motion, declined

21  to recuse himself voluntarily, and referred the matter to the undersigned.  Dkt. No. 29.  Plaintiff's

22  motion for voluntary recusal is therefore ripe for review by this Court.

23

24

**DISCUSSION**

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned."  A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980).

It is not clear from Plaintiff's pleading the grounds on which he requests Judge Robart to recuse himself.  He states that, although he "appreciates" Judge Robart, "[w]ife of Ricardo Cruz and Asst. US Attorney, Kathryn Warma is closely linked to Judge Robart and tried [a] case before him in Seattle."  Plaintiff then cites to an internet address which links to a report of a 2009 criminal case which AUSA Warma prosecuted before Judge Robart.  See United States v. Wood, CR09-94JLR.  Id.

That is the extent of Plaintiff's argument.  He cites no evidence of personal bias or prejudice arising from this fact, nor any reason why Judge Robart's impartiality might be questioned on this basis.  A review of the record reveals that Ms. Warma is neither a party nor counsel to any party in this matter.  Even if she were, the fact that she appeared before Judge Robart over two years ago, without further elaboration, would not constitute grounds for recusal.

1        This Court finds that Judge Robart's impartiality in this matter cannot reasonably be

2   questioned.  The motion to disqualify Judge Robart from presiding over this case will be

3   DENIED.

4

5        The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

6        Dated this 16th day of May, 2012.

7

8

9   _____

10  Marsha J. Pechman
    Chief United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON REQUEST TO TRANSFER CASE TO
FEDERAL MAGISTRATE JUDGE- 3