1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE

9

10    KEITH DOUGHERTY,                          CASE NO. C12-0168JLR

11                         Plaintiff,           ORDER ON DEFENDANT'S
                                                MOTION FOR SUMMARY
12            v.                                JUDGMENT

13    BELLEVUE SCHOOL DISTRICT,

14                         Defendant.

15                          **I.      INTRODUCTION**

16            This matter comes before the court on a motion for summary judgment (Mot.

17    (Dkt. # 14)) by Defendant Bellevue School District ("the District") against its former

18    employee, *pro se* Plaintiff Keith Dougherty.  The District seeks summary judgment with

19    respect to all of Mr. Dougherty's claims of employment discrimination.  Also pending

20    before the court are:  Mr. Dougherty's Motion for Relief and Request for Pro Bono

21    Mediation (Dkt. # 12), Mr. Dougherty's First Motion for Extension of Time to Complete

22    Discovery (Dkt. # 17), Mr. Dougherty's Second Motion for Extension of Time to

ORDER- 1

1    Complete Discovery (Dkt. # 23), Mr. Dougherty's Motion for Waiver of PACER Fees

2    (Dkt. # 31), Mr. Dougherty's First Motion to Compel (Dkt. # 32), Mr. Dougherty's

3    Second Motion to Compel (Dkt. # 34), Mr. Dougherty's Motion for Sanctions for Not

4    Obeying a Discovery Order (Dkt. # 35), and the District's Motion for Rule 4(m)

5    Dismissal (Dkt. # 46).  Having considered the submissions of the parties, the balance of

6    the record, and the relevant law, and neither party having requested oral argument, the

7    court GRANTS the District's motion for summary judgment (Dkt. # 14), and DENIES all

8    other pending motions as MOOT (Dkt. ## 12, 17, 23, 31, 32, 34, 35, 46).

9                              **II.       BACKGROUND**

10   **A. Facts**

11          Mr. Dougherty was employed with the District from February 12, 2007, until

12   October 18, 2011.  (Cole Decl. Ex. 12 (Dkt. # 15-12) at 1-2.)  Over the course of fourteen

13   months beginning in August of 2010, Mr. Dougherty filed three charges with the U.S.

14   Equal Employment Opportunity Commission ("EEOC"), alleging Title VII, ADEA, and

15   ADA discrimination on the part of the District.  (*Id*. Ex. 8 (Dkt. # 15-8) at 1, Ex. 9 (Dkt. #

16   15-9) at 2, Ex. 10 (Dkt. # 15-10) at 1.)  The EEOC issued a Notice of Right to Sue for

17   each of the three charges.  (*Id*. Ex. 8 at 3, Ex. 9 at 1, Ex. 10 at 2.)

18          Mr. Dougherty filed his first Charge of Discrimination (EEOC Charge #551-2010-

19   01384) on August 6, 2010.  (*Id*. Ex. 8 at 1.)  He complained of continuing retaliation in

20   response to complaints he had made to his supervisors regarding an allegedly hostile

21   work environment.  (*Id*.)  He stated that this hostile work environment existed from

22   September 1, 2009, to August 5, 2010, and reported that the discrimination was ongoing

1   (i.e., continuing) at the time of filing.  (*Id.*)  Mr. Dougherty also complained of adverse

2   treatment on account of his age, which was 43 at the time.  (*Id.*)  He did not provide

3   specifics regarding the age-based discrimination.  (*Id.*)  The EEOC closed the case and

4   issued a Notice of Rights on February 2, 2011, informing Mr. Dougherty of his right to

5   file a complaint with a court within 90 days of receipt.  (*Id.* at 3.)  It is undisputed that

6   Mr. Dougherty did not file a complaint within 90 days.

7         Mr. Dougherty filed his second Charge of Discrimination (EEOC Charge #551-

8   2011-00141) on October 31, 2010.  (*Id.* Ex. 9 at 2.)  He complained of retaliation in

9   response to the first charge he filed with the EEOC.  (*Id.*)  Specifically, he alleged that his

10   annual performance review was delayed from August 31, 2010, to September 23, 2010,

11   and was "retaliatory" in nature.  (*Id.*)  He also stated that this adverse treatment might

12   have been based on his age and/or disability.  (*Id.*)  Mr. Dougherty did not specify his

13   disability in the charge, but other documents indicate that he was being treated for post-

14   traumatic stress disorder at the time.  (Dougherty Decl. of Intentional Violations (Dkt. #

15   40) at 4.)  The EEOC closed the case and issued a Notice of Rights on February 2, 2011,

16   informing Mr. Dougherty of his right to file a complaint with a court within 90 days of

17   receipt.  (Cole Decl. Ex. 9 at 1.)  It is undisputed that Mr. Dougherty did not file a

18   complaint within 90 days.

19         Mr. Dougherty filed his third Charge of Discrimination (EEOC Charge #551-

20   2011-01656) on October 18, 2011.  (*Id.* Ex. 10 at 1.)  He alleged that he was targeted for

21   lay-off on account of his age, which was 44 at the time.  (*Id.*)  He also objected to a

22   number of documents that had been filed in his employee record.  (*Id.*)  Mr. Dougherty

1    was never laid off, as he resigned effective October 18, 2011.  (*Id*. Ex. 12 at 2.)  In his

2    charge, he described this resignation as a constructive discharge.  (*Id*. Ex. 10 at 1.)  Mr.

3    Dougherty also alleged retaliation, but did not provide any details regarding that

4    allegation.  (*Id*.)

5         In this third charge, Mr. Dougherty describes the aforementioned incidents as

6    having occurred while he was employed, but he lists the only date of discrimination as

7    December 27, 2010, a date more than two months after he had resigned from his position

8    with the District.  (*Id*. Ex. 10 at 1, Ex. 12 at 2.)  The District indicates that this was the

9    date of Mr. Dougherty's unemployment benefits appeal hearing (Mot. at 7-8), which

10   suggests that perhaps Mr. Dougherty is alleging that the District engaged in retaliatory

11   discrimination by interfering with his hearing in some way.  The District states that it

12   responded to notice of the hearing.  (*Id*. at 8)  The specific nature of that response is

13   unclear, as are Mr. Dougherty's reasons for suspecting retaliation.

14        The EEOC closed Mr. Dougherty's third case and issued a Notice of Rights on

15   October 31, 2011, informing Mr. Dougherty of his right to file a complaint with a court

16   within 90 days of receipt.  (Cole Decl. Ex. 10 at 2.)  Mr. Dougherty's date of receipt is

17   not indicated in the record, but the District received its copy of the notice on November 3,

18   2011.  (*Id*.)

19   **B.  Procedural History**

20        Mr. Dougherty filed his complaint with this court on January 30, 2012.  (Compl.

21   (Dkt. # 4) at 1.)  The District does not dispute that the complaint was timely filed within

22   90 days of Mr. Dougherty's receipt of the October 31, 2011 notice.  (*See generally*

ORDER- 4

1   Answer (Dkt. # 13).)  Mr. Dougherty's complaint is a three-page handwritten description

2   of the various incidents that he believes to be discriminatory in nature.  (*See generally*

3   Compl.)  The complaint includes no dates, but it appears that the account refers to

4   incidents from all three of the charges filed with the EEOC.  (*See generally id.*)

5        The District filed the present motion on April 4, 2012.  (Mot. at 1.)  Mr.

6   Dougherty responded to the District's motion by filing an affidavit ("Dougherty Aff."

7   (Dkt. # 28)) on April 20, 2012.  In the affidavit, he accuses the District of destroying

8   public records, and he alleges that several other District employees have complained of a

9   hostile work environment.  (*Id.* at 1.)  He then filed two requests to have the case

10  reassigned (Dkt. ## 29, 36), which were both denied by the court.  Mr. Dougherty has

11  also filed two motions for extension of time to complete discovery (Dkt.  ## 17, 23), two

12  motions to compel (Dkt. ## 32, 34), and a motion for sanctions for failure to comply with

13  a discovery order (Dkt. # 35), all of which are pending.  The District has filed a motion to

14  dismiss (Dkt. # 46) for failure to serve the complaint.

15                          **III.   ANALYSIS**

16  **A.  Summary Judgment Standard**

17        A moving party is entitled to summary judgment if the pleadings, the discovery

18  and disclosure materials on file, and any affidavits, when viewed in the light most

19  favorable to the non-moving party, indicate that there exists no genuine dispute as to a

20  material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

21  (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party

22  bears the initial burden of showing that there is no genuine issue of material fact with

1    respect to one of the essential elements of a claim.  *Celotex*, 477 U.S. at 323.  If the

2    moving party meets his or her burden, the non-moving party must go beyond the

3    pleadings and identify facts sufficient to establish a genuine dispute to be resolved at

4    trial.  *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir.

5    2000).  Genuine factual disputes are those for which the evidence is such that "a

6    reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty*

7    *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  With claims of workplace discrimination, an

8    employee need only produce "very little evidence" of the material factual dispute in order

9    to survive summary judgment.  *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410

10   (9th Cir. 1996) (internal quotations omitted); *see also McGinest v. GTE Service Corp.*,

11   360 F.3d 1103, 1112 (9th Cir. 2004) (emphasizing that the employee's rights must be

12   safeguarded, and that summary judgment must not be granted if there is any uncertainty

13   that might be resolved in favor of the employee).

14          The fact that Mr. Dougherty serves as his own counsel does not change his burden

15   as the non-moving party.  In order to avoid summary judgment, a *pro se* litigant must

16   present evidence in opposition to the motion for summary judgment, or must otherwise

17   demonstrate that there is a genuine dispute regarding a material fact.  *Bias v. Moynihan*,

18   508 F.3d 1212, 1219 (9th Cir. 2007).  The court must liberally construe any pleadings

19   filed by a *pro se* non-moving party.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

20   The court, however, does not have a duty to search for evidence that would create a

21   factual dispute.  *See Carmen v. S.F. United Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir.

22

1    2001) (describing it as fundamentally "unfair" to the movant for the court to search the

2    record on behalf of the non-moving party).

3    **B. The District's Motion for Summary Judgment**

4           The District makes three primary arguments in support of its motion for summary

5    judgment.[1]  (*See generally* Mot.)  First, the District argues that Mr. Dougherty failed to

6    file suit within 90 days of the Notice of Rights regarding the first two EEOC charges and

7    thereby forfeited his right to file suit regarding the associated claims.  (*Id*. at 4.)  Second,

8    the District contends that Mr. Dougherty failed to file his third EEOC charge within 300

9    days of the last date of employment and thereby forfeited his right to include in that

10   charge any incidents that occurred during employment.  (*Id*. at 5-6.)  Third, the District

11   recognizes that the court must liberally construe Mr. Dougherty's third charge as an

12   allegation that the District retaliated against Mr. Dougherty by interfering with his

13   unemployment proceedings, but the District insists that a former employer's participation

14   in these proceedings "cannot be characterized as an act of discrimination or retaliation."

15   (*Id*. at 7-8.)  The court will address each argument in turn.

16

17

18

19          [1] The District also makes a fourth argument, contending that because it is a government

20   entity and because Mr. Dougherty did not present his state-based claims to the District's
     representatives before filing suit, any such claims must be dismissed. (Mot. at 8-10.) The court
     concludes that, even liberally construing Mr. Dougherty's filings, there is no indication in the

21   original complaint or in the response to District's motion that he has made any claims under state
     law. Therefore, the court need not reach the issue of whether Mr. Dougherty provided such

22   notice.

ORDER- 7

**1. Incidents Reported in the First Two EEOC Charges**

Aggrieved individuals wishing to file a Title VII, ADA, or ADEA complaint against an employer must do so within 90 days of receiving a Notice of Right to Sue from the EEOC. 42 U.S.C. 2000e-5(f)1 (Title VII); 42 U.S.C. 12117(a) (ADA); 29 U.S.C 626(e) (ADEA). Failure to file within 90 days results in a forfeiture of the right to file any claims regarding the alleged discrimination reported in the EEOC charge. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006). It is undisputed that Mr. Dougherty did not file suit within 90 days of receipt of his first two Notices from the EEOC. Therefore, there is no genuine issue of material fact with respect to Mr. Dougherty's failure to timely file suit regarding the alleged discrimination described in the first two charges. Because Mr. Dougherty failed to file timely suit, he is precluded from pursuing those claims as a matter of law, and thus the court finds that the District is entitled to summary judgment with respect to those claims.

**2. Incidents Reported in the Third EEOC Charge and that Occurred while Mr. Dougherty was Employed with the District**

Aggrieved individuals wishing to report a Title VII, ADA, or ADEA violation must do so within 300 days of a discrete instance of unlawful conduct. 42 U.S.C. 2000e-5(e)1 (Title VII); 42 U.S.C. 12117(a) (ADA); 29 U.S.C 626(d)1(b) (ADEA). A plaintiff's failure to do so renders the associated claims not actionable. *Siddiqui v. AG Commc'n Sys. Corp.*, 233 F.App'x 610, 612 (9th Cir. 2007). It is not disputed that Mr. Dougherty's employment with the District had ended by October 18, 2010. (Cole Decl. Ex. 12 at 2; Dougherty Statement (Dkt. # 36) at 1.) It is also undisputed that the third

1   EEOC charge was filed on October 18, 2011, more than 300 days following the last day

2   of employment.  (Cole Decl. Ex. 10 at 1.)  Therefore, there is no dispute regarding the

3   fact that any alleged discrimination during the course of Mr. Dougherty's employment

4   occurred more than 300 days before the EEOC filing, and any associated claims are time-

5   barred as a matter of law.

6          Mr. Dougherty nevertheless argues that his EEOC charge is not subject to the 300-

7   day statutory requirement.  In an affidavit filed in response to the present motion, Mr.

8   Dougherty suggests that "[t]he 300 day time limit does not apply is [sic] where the charge

9   involves a 'continuing violation.'"  (Dougherty Aff. at 1 (citing *Nat'l R.R. Passenger*

10  *Corp. v. Morgan*, 536 U.S. 101 (2002)).)  Mr. Dougherty correctly recognizes that the

11  *Morgan* Court "substantially expanded" the scope of the employment-discrimination

12  continuing-violation doctrine.  (Dougherty Aff. at 1; *see also Morgan*, 536 U.S. at 126-28

13  (O'Connor, J., concurring in part and dissenting in part) (expressing concern about the

14  effect the expanded doctrine would have on employers).)  The *Morgan* Court, however,

15  did not hold that these charges are not subject to the 300-day statutory provision—on the

16  contrary, the Court held that even where the alleged discrimination is continuing in

17  nature, "at least one act" of discrimination must have occurred within 300 days of filing

18  the EEOC charge.  *Morgan*, 536 U.S. at 122.  Yet none of the alleged incidents that took

19  place while Mr. Dougherty was employed occurred within 300 days of filing.  That being

20  the case, his third EEOC charge was subject to the 300-day filing requirement with which

21  Mr. Dougherty did not comply.  Therefore, Mr. Dougherty's affidavit does not create any

22  issue of material fact regarding his failure to timely file the third charge alleging

1  discrimination that took place while he was employed with the District.  Consequently,

2  the court finds that the District is entitled to summary judgment with respect to these

3  claims.

4      **3.  The Unemployment Benefits Hearing Alluded to in the Third EEOC Charge**

5          In his third EEOC charge, Mr. Dougherty lists the date of his unemployment

6  benefits hearing as the only date of discrimination.  (Cole Decl. Ex. 10 at 1.)  The court

7  must liberally construe the claim, *Resnick*, 213 F.3d 443, 447, and interprets it as an

8  allegation that the District unlawfully retaliated against Mr. Dougherty by contesting his

9  application for benefits.  Although courts have recognized employer interference with

10  unemployment benefits as a form of retaliation, Mr. Dougherty has not submitted

11  evidence sufficient to generate a genuine issue of material fact with respect to that

12  possibility.

13          The District, as the party moving for summary judgment, bears the initial burden

14  of showing that there is no genuine issue of material fact with respect to an essential

15  element of Mr. Dougherty's retaliation claim.  *Celotex*, 477 U.S. at 323.  The essential

16  elements of a retaliation claim under the ADEA or Title VII are that the employee

17  engaged in protected activity, that the employer subjected the employee to an adverse

18  action, and that there was a causal link between the protected activity and the employer's

19  action. *Bergene v. Salt River Project Agric. Improvement & Power Dist*., 272 F.3d 1136,

20  1140-41 (9th Cir. 2001); *see also Poland v. Chertoff*, 494 F.3d 1174, 1180 n.1 (9th Cir.

21  2007) (holding that the elements of an ADEA retaliation claim are the same as those of a

22  Title VII claim).  The District argues that there is no genuine issue of material fact

ORDER- 10

1  regarding the adverse action element of Mr. Dougherty's claim.  (Mot. At 8.)  Courts

2  have recognized that opposing an unemployment benefits application may qualify as

3  retaliatory discrimination in certain contexts.  *See Sherman v. Donahoe*, No. C08–

4  1533RAJ, 2012 WL 503851, at *14 (W.D. Wash. Feb. 15, 2012) (finding that efforts to

5  prevent a former employee from receiving benefits could constitute "retaliatory conduct"

6  under Title VII and the ADA); *Steele v. Schafer*, 535 F.3d 689, 696 (D.C. Cir. 2008)

7  (emphasizing that interference with unemployment proceedings qualifies as retaliation).

8  In *Sherman*, for example, the court found that the employer retaliated against the plaintiff

9  through concerted "efforts to deny" the employee any unemployment benefits.  2012 WL

10  503851, at *13-14 (finding evidence of retaliation where there was a "fixation . . . on

11  ensuring that [the former employee] did not receive unemployment benefits").  Here, the

12  District is correct that there is nothing in the record to suggest that its involvement in Mr.

13  Dougherty's unemployment benefits hearing may constitute retaliation.  Mr. Dougherty

14  has not provided any evidence regarding the nature of the District's participation in his

15  unemployment benefits hearing, much less any evidence of the kind of retaliatory effort

16  that might constitute adverse action.  Because an adverse action is an essential element of

17  a retaliation claim under the ADEA and Title VII, and because Mr. Dougherty has failed

18  to produce evidence creating a genuine issue of material fact regarding that element,[2] the

19  District is entitled to summary judgment with respect to this claim.

20

21      [2] Mr. Dougherty has filed two requests for additional time to complete discovery.  (*See*

22  *generally* 1st Mot. for Extension (Dkt. # 17) (alleging that the District is deliberately withholding
evidence); 2d Mot. for Extension (Dkt. # 23) (indicating that Mr. Dougherty is awaiting

1

### IV.   CONCLUSION

2      For the foregoing reasons, the court GRANTS the District's motion for summary

3 judgment (Dkt. # 14), and DENIES all other pending motions as MOOT (Dkt. ## 12, 17,

4 23, 31, 32, 34, 35, 46).

5      Dated this 15th day of June, 2012.

6

7

8      _____

JAMES L. ROBART

9      United States District Judge

10

11

12

13

14

15

_____

16 additional evidence from both the District and the Washington Department of Labor and
Industries.)  Federal Rule of Civil Procedure 56(d) allows the court to deny a motion for

17 summary judgment if the non-moving party establishes that, for specified reasons, it cannot
present facts essential to justify its opposition to the motion. Fed. R. Civ. P. 56(d).  The party

18 seeking a denial or continuance on such grounds must file a timely request that specifically
identifies the relevant information and provides some basis for believing that the evidence sought

19 actually exists.  *Id.*; *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*,
353 F.3d 1125, 1129-1130 (9th Cir. 2004).  Even once a timely and specific request is filed, the

20 court may still deny the request if the requesting party does not explain how additional discovery
might preclude summary judgment.  *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir.

21 1994).  In this case, Mr. Dougherty has offered no specifics regarding the information sought,
nor has he explained how that information might preclude summary judgment with respect to

22 this claim.  Because Mr. Dougherty has not satisfied the requirements of Rule 56(d), this court
declines to grant him additional time.

ORDER- 12