UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH DOUGHERTY,<br><br>    Plaintiff,<br><br>  v.<br><br>BELLEVUE SCHOOL DISTRICT,<br><br>    Defendant. | CASE NO. C12-0168JLR<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.    INTRODUCTION

This matter comes before the court on a motion for summary judgment (Mot. (Dkt. # 14)) by Defendant Bellevue School District ("the District") against its former employee, *pro se* Plaintiff Keith Dougherty. The District seeks summary judgment with respect to all of Mr. Dougherty's claims of employment discrimination. Also pending before the court are: Mr. Dougherty's Motion for Relief and Request for Pro Bono Mediation (Dkt. # 12), Mr. Dougherty's First Motion for Extension of Time to Complete Discovery (Dkt. # 17), Mr. Dougherty's Second Motion for Extension of Time to

Complete Discovery (Dkt. # 23), Mr. Dougherty's Motion for Waiver of PACER Fees (Dkt. # 31), Mr. Dougherty's First Motion to Compel (Dkt. # 32), Mr. Dougherty's Second Motion to Compel (Dkt. # 34), Mr. Dougherty's Motion for Sanctions for Not Obeying a Discovery Order (Dkt. # 35), and the District's Motion for Rule 4(m) Dismissal (Dkt. # 46). Having considered the submissions of the parties, the balance of the record, and the relevant law, and neither party having requested oral argument, the court GRANTS the District's motion for summary judgment (Dkt. # 14), and DENIES all other pending motions as MOOT (Dkt. ## 12, 17, 23, 31, 32, 34, 35, 46).

## II. BACKGROUND

**A. Facts**

Mr. Dougherty was employed with the District from February 12, 2007, until October 18, 2011. (Cole Decl. Ex. 12 (Dkt. # 15-12) at 1-2.) Over the course of fourteen months beginning in August of 2010, Mr. Dougherty filed three charges with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging Title VII, ADEA, and ADA discrimination on the part of the District. (*Id*. Ex. 8 (Dkt. # 15-8) at 1, Ex. 9 (Dkt. # 15-9) at 2, Ex. 10 (Dkt. # 15-10) at 1.) The EEOC issued a Notice of Right to Sue for each of the three charges. (*Id*. Ex. 8 at 3, Ex. 9 at 1, Ex. 10 at 2.)

Mr. Dougherty filed his first Charge of Discrimination (EEOC Charge #551-2010-01384) on August 6, 2010. (*Id*. Ex. 8 at 1.) He complained of continuing retaliation in response to complaints he had made to his supervisors regarding an allegedly hostile work environment. (*Id*.) He stated that this hostile work environment existed from September 1, 2009, to August 5, 2010, and reported that the discrimination was ongoing

(i.e., continuing) at the time of filing. (*Id.*) Mr. Dougherty also complained of adverse treatment on account of his age, which was 43 at the time. (*Id.*) He did not provide specifics regarding the age-based discrimination. (*Id.*) The EEOC closed the case and issued a Notice of Rights on February 2, 2011, informing Mr. Dougherty of his right to file a complaint with a court within 90 days of receipt. (*Id.* at 3.) It is undisputed that Mr. Dougherty did not file a complaint within 90 days.

Mr. Dougherty filed his second Charge of Discrimination (EEOC Charge #551-2011-00141) on October 31, 2010. (*Id.* Ex. 9 at 2.) He complained of retaliation in response to the first charge he filed with the EEOC. (*Id.*) Specifically, he alleged that his annual performance review was delayed from August 31, 2010, to September 23, 2010, and was "retaliatory" in nature. (*Id.*) He also stated that this adverse treatment might have been based on his age and/or disability. (*Id.*) Mr. Dougherty did not specify his disability in the charge, but other documents indicate that he was being treated for post-traumatic stress disorder at the time. (Dougherty Decl. of Intentional Violations (Dkt. # 40) at 4.) The EEOC closed the case and issued a Notice of Rights on February 2, 2011, informing Mr. Dougherty of his right to file a complaint with a court within 90 days of receipt. (Cole Decl. Ex. 9 at 1.) It is undisputed that Mr. Dougherty did not file a complaint within 90 days.

Mr. Dougherty filed his third Charge of Discrimination (EEOC Charge #551-2011-01656) on October 18, 2011. (*Id.* Ex. 10 at 1.) He alleged that he was targeted for lay-off on account of his age, which was 44 at the time. (*Id.*) He also objected to a number of documents that had been filed in his employee record. (*Id.*) Mr. Dougherty

was never laid off, as he resigned effective October 18, 2011. (*Id*. Ex. 12 at 2.) In his charge, he described this resignation as a constructive discharge. (*Id*. Ex. 10 at 1.) Mr. Dougherty also alleged retaliation, but did not provide any details regarding that allegation. (*Id*.)

In this third charge, Mr. Dougherty describes the aforementioned incidents as having occurred while he was employed, but he lists the only date of discrimination as December 27, 2010, a date more than two months after he had resigned from his position with the District. (*Id*. Ex. 10 at 1, Ex. 12 at 2.) The District indicates that this was the date of Mr. Dougherty's unemployment benefits appeal hearing (Mot. at 7-8), which suggests that perhaps Mr. Dougherty is alleging that the District engaged in retaliatory discrimination by interfering with his hearing in some way. The District states that it responded to notice of the hearing. (*Id*. at 8) The specific nature of that response is unclear, as are Mr. Dougherty's reasons for suspecting retaliation.

The EEOC closed Mr. Dougherty's third case and issued a Notice of Rights on October 31, 2011, informing Mr. Dougherty of his right to file a complaint with a court within 90 days of receipt. (Cole Decl. Ex. 10 at 2.) Mr. Dougherty's date of receipt is not indicated in the record, but the District received its copy of the notice on November 3, 2011. (*Id*.)

**B. Procedural History**

Mr. Dougherty filed his complaint with this court on January 30, 2012. (Compl. (Dkt. # 4) at 1.) The District does not dispute that the complaint was timely filed within 90 days of Mr. Dougherty's receipt of the October 31, 2011 notice. (*See generally*

ORDER- 4

Answer (Dkt. # 13).) Mr. Dougherty's complaint is a three-page handwritten description of the various incidents that he believes to be discriminatory in nature. (*See generally* Compl.) The complaint includes no dates, but it appears that the account refers to incidents from all three of the charges filed with the EEOC. (*See generally id.*)

The District filed the present motion on April 4, 2012. (Mot. at 1.) Mr. Dougherty responded to the District's motion by filing an affidavit ("Dougherty Aff." (Dkt. # 28)) on April 20, 2012. In the affidavit, he accuses the District of destroying public records, and he alleges that several other District employees have complained of a hostile work environment. (*Id.* at 1.) He then filed two requests to have the case reassigned (Dkt. ## 29, 36), which were both denied by the court. Mr. Dougherty has also filed two motions for extension of time to complete discovery (Dkt. ## 17, 23), two motions to compel (Dkt. ## 32, 34), and a motion for sanctions for failure to comply with a discovery order (Dkt. # 35), all of which are pending. The District has filed a motion to dismiss (Dkt. # 46) for failure to serve the complaint.

### III. ANALYSIS

**A. Summary Judgment Standard**

A moving party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits, when viewed in the light most favorable to the non-moving party, indicate that there exists no genuine dispute as to a material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing that there is no genuine issue of material fact with

respect to one of the essential elements of a claim. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the non-moving party must go beyond the pleadings and identify facts sufficient to establish a genuine dispute to be resolved at trial. *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). Genuine factual disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). With claims of workplace discrimination, an employee need only produce "very little evidence" of the material factual dispute in order to survive summary judgment. *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996) (internal quotations omitted); *see also McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004) (emphasizing that the employee's rights must be safeguarded, and that summary judgment must not be granted if there is any uncertainty that might be resolved in favor of the employee).

  The fact that Mr. Dougherty serves as his own counsel does not change his burden as the non-moving party. In order to avoid summary judgment, a *pro se* litigant must present evidence in opposition to the motion for summary judgment, or must otherwise demonstrate that there is a genuine dispute regarding a material fact. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). The court must liberally construe any pleadings filed by a *pro se* non-moving party. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The court, however, does not have a duty to search for evidence that would create a factual dispute. *See Carmen v. S.F. United Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir.

2001) (describing it as fundamentally "unfair" to the movant for the court to search the record on behalf of the non-moving party).

**B. The District's Motion for Summary Judgment**

The District makes three primary arguments in support of its motion for summary judgment.[1] (*See generally* Mot.) First, the District argues that Mr. Dougherty failed to file suit within 90 days of the Notice of Rights regarding the first two EEOC charges and thereby forfeited his right to file suit regarding the associated claims. (*Id*. at 4.) Second, the District contends that Mr. Dougherty failed to file his third EEOC charge within 300 days of the last date of employment and thereby forfeited his right to include in that charge any incidents that occurred during employment. (*Id*. at 5-6.) Third, the District recognizes that the court must liberally construe Mr. Dougherty's third charge as an allegation that the District retaliated against Mr. Dougherty by interfering with his unemployment proceedings, but the District insists that a former employer's participation in these proceedings "cannot be characterized as an act of discrimination or retaliation." (*Id*. at 7-8.) The court will address each argument in turn.

---

[1] The District also makes a fourth argument, contending that because it is a government entity and because Mr. Dougherty did not present his state-based claims to the District's representatives before filing suit, any such claims must be dismissed. (Mot. at 8-10.) The court concludes that, even liberally construing Mr. Dougherty's filings, there is no indication in the original complaint or in the response to District's motion that he has made any claims under state law. Therefore, the court need not reach the issue of whether Mr. Dougherty provided such notice.

**1. Incidents Reported in the First Two EEOC Charges**

Aggrieved individuals wishing to file a Title VII, ADA, or ADEA complaint against an employer must do so within 90 days of receiving a Notice of Right to Sue from the EEOC. 42 U.S.C. 2000e-5(f)1 (Title VII); 42 U.S.C. 12117(a) (ADA); 29 U.S.C 626(e) (ADEA). Failure to file within 90 days results in a forfeiture of the right to file any claims regarding the alleged discrimination reported in the EEOC charge. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006). It is undisputed that Mr. Dougherty did not file suit within 90 days of receipt of his first two Notices from the EEOC. Therefore, there is no genuine issue of material fact with respect to Mr. Dougherty's failure to timely file suit regarding the alleged discrimination described in the first two charges. Because Mr. Dougherty failed to file timely suit, he is precluded from pursuing those claims as a matter of law, and thus the court finds that the District is entitled to summary judgment with respect to those claims.

**2. Incidents Reported in the Third EEOC Charge and that Occurred while Mr. Dougherty was Employed with the District**

Aggrieved individuals wishing to report a Title VII, ADA, or ADEA violation must do so within 300 days of a discrete instance of unlawful conduct. 42 U.S.C. 2000e-5(e)1 (Title VII); 42 U.S.C. 12117(a) (ADA); 29 U.S.C 626(d)1(b) (ADEA). A plaintiff's failure to do so renders the associated claims not actionable. *Siddiqui v. AG Commc'n Sys. Corp.*, 233 F.App'x 610, 612 (9th Cir. 2007). It is not disputed that Mr. Dougherty's employment with the District had ended by October 18, 2010. (Cole Decl. Ex. 12 at 2; Dougherty Statement (Dkt. # 36) at 1.) It is also undisputed that the third

EEOC charge was filed on October 18, 2011, more than 300 days following the last day of employment. (Cole Decl. Ex. 10 at 1.) Therefore, there is no dispute regarding the fact that any alleged discrimination during the course of Mr. Dougherty's employment occurred more than 300 days before the EEOC filing, and any associated claims are time-barred as a matter of law.

Mr. Dougherty nevertheless argues that his EEOC charge is not subject to the 300-day statutory requirement. In an affidavit filed in response to the present motion, Mr. Dougherty suggests that "[t]he 300 day time limit does not apply is [sic] where the charge involves a 'continuing violation.'" (Dougherty Aff. at 1 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).) Mr. Dougherty correctly recognizes that the *Morgan* Court "substantially expanded" the scope of the employment-discrimination continuing-violation doctrine. (Dougherty Aff. at 1; *see also Morgan*, 536 U.S. at 126-28 (O'Connor, J., concurring in part and dissenting in part) (expressing concern about the effect the expanded doctrine would have on employers).) The *Morgan* Court, however, did not hold that these charges are not subject to the 300-day statutory provision—on the contrary, the Court held that even where the alleged discrimination is continuing in nature, "at least one act" of discrimination must have occurred within 300 days of filing the EEOC charge. *Morgan*, 536 U.S. at 122. Yet none of the alleged incidents that took place while Mr. Dougherty was employed occurred within 300 days of filing. That being the case, his third EEOC charge was subject to the 300-day filing requirement with which Mr. Dougherty did not comply. Therefore, Mr. Dougherty's affidavit does not create any issue of material fact regarding his failure to timely file the third charge alleging

discrimination that took place while he was employed with the District. Consequently, the court finds that the District is entitled to summary judgment with respect to these claims.

### 3. The Unemployment Benefits Hearing Alluded to in the Third EEOC Charge

In his third EEOC charge, Mr. Dougherty lists the date of his unemployment benefits hearing as the only date of discrimination. (Cole Decl. Ex. 10 at 1.) The court must liberally construe the claim, *Resnick*, 213 F.3d 443, 447, and interprets it as an allegation that the District unlawfully retaliated against Mr. Dougherty by contesting his application for benefits. Although courts have recognized employer interference with unemployment benefits as a form of retaliation, Mr. Dougherty has not submitted evidence sufficient to generate a genuine issue of material fact with respect to that possibility.

The District, as the party moving for summary judgment, bears the initial burden of showing that there is no genuine issue of material fact with respect to an essential element of Mr. Dougherty's retaliation claim. *Celotex*, 477 U.S. at 323. The essential elements of a retaliation claim under the ADEA or Title VII are that the employee engaged in protected activity, that the employer subjected the employee to an adverse action, and that there was a causal link between the protected activity and the employer's action. *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001); *see also Poland v. Chertoff*, 494 F.3d 1174, 1180 n.1 (9th Cir. 2007) (holding that the elements of an ADEA retaliation claim are the same as those of a Title VII claim). The District argues that there is no genuine issue of material fact

regarding the adverse action element of Mr. Dougherty's claim. (Mot. At 8.) Courts have recognized that opposing an unemployment benefits application may qualify as retaliatory discrimination in certain contexts. *See Sherman v. Donahoe*, No. C08–1533RAJ, 2012 WL 503851, at *14 (W.D. Wash. Feb. 15, 2012) (finding that efforts to prevent a former employee from receiving benefits could constitute "retaliatory conduct" under Title VII and the ADA); *Steele v. Schafer*, 535 F.3d 689, 696 (D.C. Cir. 2008) (emphasizing that interference with unemployment proceedings qualifies as retaliation). In *Sherman*, for example, the court found that the employer retaliated against the plaintiff through concerted "efforts to deny" the employee any unemployment benefits. 2012 WL 503851, at *13-14 (finding evidence of retaliation where there was a "fixation . . . on ensuring that [the former employee] did not receive unemployment benefits"). Here, the District is correct that there is nothing in the record to suggest that its involvement in Mr. Dougherty's unemployment benefits hearing may constitute retaliation. Mr. Dougherty has not provided any evidence regarding the nature of the District's participation in his unemployment benefits hearing, much less any evidence of the kind of retaliatory effort that might constitute adverse action. Because an adverse action is an essential element of a retaliation claim under the ADEA and Title VII, and because Mr. Dougherty has failed to produce evidence creating a genuine issue of material fact regarding that element,[2] the District is entitled to summary judgment with respect to this claim.

---

[2] Mr. Dougherty has filed two requests for additional time to complete discovery. (*See generally* 1st Mot. for Extension (Dkt. # 17) (alleging that the District is deliberately withholding evidence); 2d Mot. for Extension (Dkt. # 23) (indicating that Mr. Dougherty is awaiting

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the District's motion for summary judgment (Dkt. # 14), and DENIES all other pending motions as MOOT (Dkt. ## 12, 17, 23, 31, 32, 34, 35, 46).

Dated this 15th day of June, 2012.

*[signature]*

JAMES L. ROBART
United States District Judge

---

additional evidence from both the District and the Washington Department of Labor and Industries).) Federal Rule of Civil Procedure 56(d) allows the court to deny a motion for summary judgment if the non-moving party establishes that, for specified reasons, it cannot present facts essential to justify its opposition to the motion. Fed. R. Civ. P. 56(d). The party seeking a denial or continuance on such grounds must file a timely request that specifically identifies the relevant information and provides some basis for believing that the evidence sought actually exists. *Id.*; *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-1130 (9th Cir. 2004). Even once a timely and specific request is filed, the court may still deny the request if the requesting party does not explain how additional discovery might preclude summary judgment. *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994). In this case, Mr. Dougherty has offered no specifics regarding the information sought, nor has he explained how that information might preclude summary judgment with respect to this claim. Because Mr. Dougherty has not satisfied the requirements of Rule 56(d), this court declines to grant him additional time.